DECISION AND JUDGMENT ENTRY
This is an appeal from the Portsmouth Municipal Court, where, following a bench trial, Defendant-Appellant Richard Caldwell was convicted of domestic violence, a first-degree misdemeanor, pursuant to R.C. 2919.25(A). The trial court sentenced appellant to a suspended jail term and fine, contingent on appellant's satisfaction of a two-year probationary period.
Appellant argues that the verdict of the trial court is against the manifest weight of the evidence. We find appellant's argument to be without merit and affirm the judgment of the court below.
 STATEMENT OF THE CASE AND FACTS
Defendant-Appellant Richard Caldwell's father, Francis Caldwell (Mr. Caldwell), had fallen gravely ill and was hospitalized. As it was expected that he would soon die, his family had to decide where, upon his release from the hospital, he should spend his remaining days.
Early on July 14, 1999, appellant's aunt, Bessie Ferrell, and appellant's cousin, Charlene Musser, visited appellant's parents' house to discuss the disposition of Mr. Caldwell with appellant's mother, Emma Caldwell, and appellant, who had been living in the home so he could care for his aging parents.
Ms. Ferrell and Ms. Musser believed that it was best for Mr. Caldwell to be placed in a nursing home. This suggestion angered appellant, who strongly believed it was his father's wish to die at home. Appellant yelled at Ms. Musser, requesting that she get out of the house. Mrs. Caldwell interrupted and scolded appellant for treating his cousin, in her estimation, disrespectfully. Upset by his mother's reprimand, appellant swung his hand at her.
There is a conflict of opinion, among the witnesses present at the time, as to whether appellant, in swinging at Mrs. Caldwell, actually struck her. It is the testimony of Ms. Ferrell and Ms. Musser that he hit Mrs. Caldwell as she shielded her face. It is the testimony of Mrs. Caldwell that he swung at her, but missed, never touching her. It is the testimony of appellant that he hit Mrs. Caldwell's hand in an effort to stop her from shaking her finger in his face, claiming he did not intend to hit her in the face.
Shortly thereafter, Ms. Musser called and reported this incident to the Scioto County Sheriff's Department, who promptly arrested appellant for domestic violence, a first-degree misdemeanor, in violation of R.C.2919.25(A). Appellant pled "not guilty" at his arraignment on the charge.
On November 9, 1999, at the conclusion of a bench trial, appellant was found guilty. The trial court sentenced appellant to thirty days in jail, a $100 fine, and two years probation. However, the court suspended the fine and the jail term, contingent on appellant's satisfaction of the probationary period.
Appellant filed a timely appeal with this Court and presents the following assignment of error for our review.
 THE VERDICT OF THE TRIAL COURT IS AGAINST THE MANIFEST
WEIGHT OF THE EVIDENCE
For a reviewing court to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, it is required that "the appellate court sits as a `thirteenth juror' anddisagrees with the [fact-finder's] resolution of the conflicting testimony." (Emphasis added.) Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2223. The First District Court of Appeals, in State v.Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717, provided a succinct statement of the appropriate analysis to be utilized in such cases.
 The [appellate] court, reviewing the entire record, [should] weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Martin, 20 Ohio App.3d at 175, 485 N.E.2d at 717, 720-21; see, generally, Whiteside, Ohio Appellate Practice (2001) 288, Standards of Review (explaining that "manifest weight of the evidence involves * * * whether reasonable minds could reasonably weigh the evidence to reach the factual finding. * * * [O]ne rationale for this is that the finder of fact has had an opportunity to observe the demeanor of the witnesses, a factor not normally preserved in the record of appeal."); accord Weidnerv. Blazie (1994), 98 Ohio App.3d 321, 648 N.E.2d 565.
In the instant case, there was conflicting testimony from those that witnessed the incident. Ms. Ferrell and Ms. Musser testified that appellant hit Mrs. Caldwell's hand as she shielded her face; Mrs. Caldwell testified that appellant swung at her, but never touched her; while appellant testified that he "push[ed] down" his mother's hand in an effort to stop her from shaking her finger at him.
R.C. 2919.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C.2919.25(A). "Physical harm to persons" is defined in R.C. 2901.01(A)(3) to mean "any injury, illness, or other physiological impairment,regardless of its gravity or duration." (Emphasis added.) R.C.2901.01(A)(3). Accordingly, the physical-harm requirement is satisfied by evidence that there was an injury; the magnitude of the injury is irrelevant. Thus, by appellant's own testimony, he at least came in contact with Mrs. Caldwell, albeit in an effort to stop her from shaking her finger at him.
After reviewing the evidence presented in the case at bar, we find that the trial court properly convicted appellant of domestic violence. We find that a reasonable fact-finder presented with the evidence in this record, aided by the additional opportunity to observe the demeanor of the witnesses, could well properly find that appellant did knowingly cause or attempt to cause physical harm to a family member, Mrs. Caldwell, in violation of R.C. 2919.25(A), just as the trial court did here.
Appellant's assignment of error is OVERRULED.
 CONCLUSION
We OVERRULE appellant's assignment of error and AFFIRM the decision of the Portsmouth Municipal Court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only. Harsha, J.: Dissents with Dissenting Opinion.
 __________________________________ David Evans, Judge